Randy S. Grossman
United States Attorney
Adam Gordon
Assistant U.S. Attorney
California Bar No. 24095817
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-6720
Email: adam.gordon@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>SHAWN WOODALL,<br><br>    Defendant. | Case No. 23-CR-0618-JO<br><br>**Joint Motion for Protective Order**<br><br>The Hon. Jinsook Ohta |

  The United States of America, by and through its counsel Randy S. Grossman, United States Attorney, and Adam Gordon, Assistant United States Attorney, and Defendant Shawn Woodall, through his counsel, Patrick Q. Hall, hereby jointly move pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure and General Order No. 514 of the United States District Court for the Southern District of California for this Court to enter a Protective Order pertaining to pretrial discovery (the Protected Discovery).

**A. Nature of the Case**

  Defendant is charged with conspiracies for the importation and distribution of fentanyl and methamphetamine along with the distribution of fentanyl. Discoverable material that Defendant will receive contains sensitive information relating to ongoing investigations of other individuals.

This Court has the power to issue "Protective and Modifying Orders" regulating discovery pursuant to Federal Rule of Criminal Procedure 16(d)(1). Specifically, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d). *See also Alderman v. United States*, 394 U.S. 165, 185 (1969) ("the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. . . . We would not expect the district courts to permit the parties or counsel to take these orders lightly.").

The issuance of a protective order is an appropriate balance between the need to comply with statutory and constitutional discovery obligations, and to protect sensitive medical, personal, and case-related information that should be safeguarded and limited in distribution.

**B. Proposed Protective Order**

In light of the nature of the case, the parties now seek an order from the Court concerning the discovery in this case, as follows:

1. That the Protected Discovery is for use of defense counsel, any investigators, interpreters, experts, paralegals, legal assistants, or law clerks assisting counsel in this case (the Defense). The Protected Discovery may be viewed by Defendant, but he may not retain copies of it in any form, including but not limited to notes or photographs concerning the contents of the Protected Discovery.

2. That if, in the course of preparing the defense in this case, any member of the Defense needs to disclose Protected Discovery materials to any person outside of the Defense (such as to a third-party witness), counsel of record must obtain prior written authorization from the Court, with such authorization to require that any such person to whom the Protected Discovery is disclosed agrees to be bound by the terms of this protective order; that the Protected Discovery be only shown to, and not left with, such person; and that the Protected Discovery

remain in the custody and control of the Defense. Subject to this Protective Order, the Government and the Defense may conduct a normal investigation of the facts of this case on behalf of the Government and Defendant, respectively (and the Government and its assistants, only, may conduct investigations of other criminal activity), including by interviewing witnesses disclosed by the Protected Discovery, taking statements from witnesses disclosed by the Protected Discovery, and asking said witnesses if they themselves have made prior statements that are disclosed in the Protected Discovery, and about the contents of such statements. Provided that such investigation is otherwise permissible under this Protective Order, it shall not be necessary for the Government or the Defense to obtain prior permission of this Court to conduct such investigation.

3. That the Protected Discovery is provided to the Defense for purposes of investigating, preparing for trial, trial, and any appeals of this matter, and for no other purpose. The parties further agree that the Protected Discovery produced by the United States may not be copied or further disseminated in any way to any other person or entity that is not part of the Defense.

4. That the Defense take all reasonable steps to (a) maintain the confidentiality of the Protected Discovery, and (b) safeguard the Protected Discovery produced in this case from inadvertent disclosure or review by any third party.

5. That the Defense agrees to return to the United States or destroy all copies of the Protected Discovery within 90 days of the conclusion of the proceedings in the above-referenced case, including any appeal.

6. That the parties abide by Fed. R. Crim. P. 16(d) and 49.1(e) along with General Order No. 514 of the United States District Court for the Southern District of California, which, among other things, requires that any filings referencing or containing an individual's personal information must be redacted in a manner consistent with said General Order.

7. That any court filings containing any part of the Protected Discovery shall be filed under seal.

Respectfully submitted,

Randy S. Grossman
United States Attorney

Dated: June 6, 2023        /s/ Adam Gordon
                           Adam Gordon
                           Assistant U.S. Attorney

Dated: June 6, 2023        /s/ Patrick Q. Hall
                           Patrick Q. Hall
                           Counsel for Defendant